AO 245B    (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| | ) | |
| CRUZ RAUL BAYONA | ) | Case Number:    5:13CR50046-001 |
| | ) | |
| | ) | USM Number:    11471-010 |
| | ) | |
| | ) | Andrew R. Miller |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    One (1) of an Information on October 10, 2013

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1014 and 2 | False Statements to a Financial Institution | 12/11/2007 | 1 |

      The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    Indictment    X is  ☐ are  dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 27, 2014
Date of Imposition of Judgment

Signature of Judge

Honorable Timothy L. Brooks, United States District Judge
Name and Title of Judge

*September 3, 2014*
Date

| | Judgment — Page | 2 | of | 7 |
|---|---|---|---|---|

DEFENDANT:        CRUZ RAUL BAYONA
CASE NUMBER:     5:13CR50046-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        **twenty-seven (27) months**

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____   ☐ a.m.   ☐ p.m.   on _____ _____ .

☐  as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X  before 1 p.m. on        September 29, 2014 _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____ _____ _____

a _ _____ _____   _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____   _____ _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    7

DEFENDANT:          CRUZ RAUL BAYONA
CASE NUMBER:        5:13CR50046-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :        **three (3) years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page    4    of    7

DEFENDANT:        CRUZ RAUL BAYONA
CASE NUMBER:      5:13CR50046-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  Until the financial penalties are paid in full, defendant shall not incur any new debt nor establish any bank or credit accounts unless receiving prior approval from the probation officer, and must make any information concerning financial status available to the probation officer upon request.

2.  While on supervised release, if the defendant is self-employed or employed by what is considered a small, closely-held company or corporation, the defendant shall not be permitted to submit third-party financial information on an application to a financial institution or other lender for financing.  The defendant shall not be employed in a position where he is tasked with the responsibility of filling out a consumer's information onto financial forms that are to be submitted to a financial institution or other lender for financing.  In order to enforce this provision, the defendant must provide an explanation to the probation officer as to the nature and tasks of his future employment and must provide access for verification.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  7

DEFENDANT:   CRUZ RAUL BAYONA
CASE NUMBER:   5:13CR50046-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ - 0 - | $ 340,856.28 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below pro rata.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| JPMorgan Chase NA 10151 Deerwood Park Blvd. Building 400, 4th floor Jacksonville, FL 32256 | $39,330.60 (Laguna) $29,408.78 (Vargas) | $39,330.60 (Laguna) $29,408.78 (Vargas) | Owed jointly and severally between Cruz Raul Bayona, Pedro Henriquez, Daisy Perez, and all future parties related to this case. |
| JPMorgan Chase NA 10151 Deerwood Park Blvd. Building 400, 4th floor Jacksonville, FL 32256 | $36,387.20 (M. Rodriguez) | $36,387.20 (M. Rodriguez) | Owed jointly and severally between Cruz Raul Bayona, Pedro Henriquez, and all future parties related to this case. |
| JPMorgan Chase NA 10151 Deerwood Park Blvd. Building 400, 4th floor Jacksonville, FL 32256 | $29,262.42 (Rueda) $31,642.09 (J. Rodriguez) | $29,262.42 (Rueda) $31,642.09 (J. Rodriguez) | Owed jointly and severally between Cruz Raul Bayona, Daisy Perez, and all future parties related to this case. |

TOTALS   $ 340,856.28   $ 340,856.28

*See Page 6

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for the   ☐ fine   X restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page    6    of    7

DEFENDANT:         CRUZ RAUL BAYONA
CASE NUMBER:       5:13CR50046-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *HUD-FOC Debt<br>Box 979056<br>St. Louis, MO 63197-9000 | $44,074.16 (R. Rodriguez)<br>$53,589.63 (Villa)<br>$77,161.40 (Rosales) | $44,074.16 (R. Rodriguez)<br>$53,589.63 (Villa)<br>$77,161.40 (Rosales) | Owed jointly and severally between Cruz Raul Bayona and all future parties related to this case. |

The victim listed in the presentence report is Denver Homeownership Center, and has been changed to HUD-FOC Debt for purposes of payment. Restitution checks should be made payable to Department of HUD.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 5:13-cr-50046-TLB    Document 46    Filed 09/03/14    Page 7 of 7 PageID #: 196

Judgment — Page ___7___ of ___7___

DEFENDANT:        CRUZ RAUL BAYONA
CASE NUMBER:      5:13CR50046-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    X    Lump sum payment of $ ___340,956.28___    due immediately, balance due

       ☐    not later than _____ , or
       X    in accordance    ☐ C,    ☐ D,    ☐ E, or    X F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    X    Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty and/or restitution imposed shall be paid during the period of imprisonment in quarterly installments of $25.00 or 10% of the defendant's quarterly earnings, whichever is greater. After imprisonment, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of $350.00 or 25% of the defendant's net monthly household income, whichever is greater, with the entire balance of all the financial penalties, including restitution, to be paid in full one month prior to the end of the period of supervised release. If, during supervised release, the defendant is current on his payments but has a balance that is still owed, the obligation continues and payment shall be collected by the government.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X    Joint and Several with any other person hereafter sentenced with respect to the same victim/loss amount.

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Restitution is owed between Cruz Raul Bayona, Dkt. No., 5:13CR50046-001; Pedro Henriquez, Dkt. No., 5:12CR50052-001; and Daisy Perez, Dkt. No., 5:12CR50060-001 as set forth on page 5 of this document.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.